ACME PRODUCTS COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31868.   Promulgated September 28, 1931.

*Robert B. Todd, Esq.*, and *John J. Finnorn, Esq.*, for the petitioner.
*James L. Backstrom, Esq.*, for the respondent.

MURDOCK: The items in controversy were deducted as organization expenses and disallowed as such. It is now claimed that they are deductible on an entirely different basis as expenditures made in an unsuccessful effort to develop a secret formula and a patentable process. Such expenditures, if made as contended, would be of a capital nature and would not be deductible as ordinary and necessary expenses. While additional work was being done in an effort to succeed and while hope for ultimate success was not unreasonable, there was no occasion to deduct any part of the expenditures as a loss. Some of the expenditures would have entered into the cost of the process if any had been discovered. Here the effort was a complete failure and the expenditures represented a loss to the petitioners in so far as they can be properly allocated to the experimental work on these processes. *Ernest E. Lloyd*, 8 B. T. A. 1029; cf. *Goodell-Pratt Co.*, 3 B. T. A. 30.

The cost of materials and the salaries of the research man and his assistant are clearly a part of such loss. Logan and the other regular employees had other regular duties, were not employed for the purpose of carrying on these experiments, spent only part of their time on the work, and did this only as a makeshift. Officers' salaries and wages are specifically deductible as expense where they are paid or incurred in carrying on a business. The total amount claimed includes some such items that are not part of the loss. We can not accurately determine how much of the time of these officers and employees was spent in the work or what would have been reasonable compensation for the performance of the services they rendered in the experimental work. Less expensive labor would have sufficed and the difference in compensation is not properly a part of the loss.

In determining the amount of the loss we have allowed only a small part of these latter items.

The evidence of when the loss was sustained is not too convincing or complete, but such as it is, it indicates that 1926 is the proper year for the deduction.

*Judgment will be entered under Rule 50.*